UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | CRIM. NO. 19-CR-02 |
| WARREN C. CLARK | § § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

Comes now the United States, by and through its undersigned counsel, and files it response to the defendant's Motion for Discovery.

The defendant, through his attorney Michael Deguerin, requested that the Government provide him with discovery on the merits of the case prior to the detention hearing and well before trial. The Government intends to satisfy all discovery obligations mandated by law, ethical requirements, and the Court. However, the defendant asserts that he is entitled to discovery at a detention hearing in order to evaluate the strength of the government's case—this is manifestly not the law. At a detention hearing a defendant is entitled to the production of a prior statement by a government witness under Fed R. Crim. Pro 46 (j), but he is not entitled to discovery on the underlying merits of the government's case. The pre-trial detention statue omits any provision for discovery. 18 U.S.C. § 3142. At a detention hearing, the rules expressly provide *only* for the disclosure of Jencks's Act materials. *See* Fed. R. Crim. Pro, 26.2, which applies to detention hearings by operation of Rule 46(j), and with which the government will fully comply.

1

Consequently, the defendant is not entitled to discovery on the merits of the case at a detention hearing and his motion should be denied.

The government meets its burden of demonstrating probable cause simply with the return of an indictment. *United States v. Trosper,* 809 F.2d 1107, 1110 (5th Cir. 1987). *Accord United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). *United States v. Vargas,* 804 F.2d 157, 163 (1st Cir.1986). It is well established that a detention hearing is not the proper forum for hashing out probable cause. *United States v. Rodreiguez-Adorno*, 606 F.Supp2d. 232, 237 (D. Pr. 2009). *Accord United States v. Martir*, 782 F.2d 1141 (2d Cir. 1986); *United States v. Williams*, 784 F.Supp. 34 (D.D.C. 1993). The defendant in this case wants to make the detention hearing into a min-trial, which is precisely what Congress warned against when it enacted the Pre-trial Detetnion statue. As stated by the *Rodriegez-Adorno* court,

> " Congress warned against detention hearings becoming de-facto mini-trials during which a defendant's guilt or likelihood of conviction is debated. *See United States v. Delker,* 757 F.2d 1390, 1395 (3rd Cir.1985). The Court's role in determining a defendant's detention status does not and should not include any analysis of the credibility or the sufficiency of evidence as it relates to potential for conviction, but only analyzes it as it relates to the factors enumerated by the governing statute. *See United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986)(Section 3142 "neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community")(internal quotes and citations omitted). It is also well established that detention hearings are not the proper forum for hashing out probable cause. A grand jury indictment is sufficient to establish probable cause for the purposes of detention. *United States v. Vargas,* 804 F.2d 157, 163 (1st Cir.1986)."

*Id* at 237.

The defendant's attempt to use a detention hearing to seek early discovery is all the more improper in a national security case, where the procedures and the protections

2

of the Classified Information Procedures Act (CIPA), 18 U.S.C. App 3, allow for the orderly adjudication of discovery issues.

At the defendant's first appearance, the government filed a detailed Memorandum of Law under Section 2 of CIPA, that outlines the proper and deliberative procedures that are used to adjudicate discovery matters in sensitive cases such as these. The court should allow the CIPA procedures to unfold in proper order and deny the defendant's motion for discovery on the merits of this case before the detention hearing. The defendant's motion is unsupported by law and should be denied.

RESPECTFULLY SUBMITTED,

RYAN K. PATRICK
United States Attorney
Southern District of Texas


By: /S/
Craig M. Feazel
Assistant United States Attorney


By: /S/
S. Mark McIntyre
Assistant United States Attorney

By: /S/
Michael J. Dittoe
Trial Attorney, U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that on this 30th day of January, 2019, a copy of this Response to Defendant's Motion for Discovery was provided to Mike DeGuerin, attorney of record for Warren C. Clark via email and PACER.

_____/S/_____
Assistant United States Attorney - SDTX

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § § § |
| **VS.** | § **CRIM. NO. 19-CR-02** § § |
| **WARREN C. CLARK** | § § § |

## ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY

Comes now the honorable Peter Bray, United States Magistrate Judge for the Southern District of Texas – Houston Division, after considering the defendant's motion to compel discovery and the Government's response, and issues this order denying the defendant's motion for discovery.

So ORDERED on this \_\_\_\_ day of January, 2019, in Houston, Texas.

_____
United States Magistrate Judge
Hon. Peter Bray