UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 19-CR-02 |
| § | |
| WARREN C. CLARK § | |

**AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER
PURSUANT TO FED. R. CRIM. P. 16(d)(1) TO PROTECT SENSITIVE
INFORMATION PROVIDED IN DISCOVERY**

The United States of America, by and through the undersigned counsel, respectfully files this agreed Motion seeking a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) to protect unclassified but sensitive documents to be produced in discovery. The government intends to produce discovery in this case that includes sensitive information related to counterterrorism investigations. In order to protect this sensitive information, the government seeks a protective order that will allow the defendant and his counsel (and counsel's support staff and defense experts) access to this information while restricting the dissemination of that material beyond the defendant and his counsel (and counsel's support staff and defense experts). In support of this Motion, the government states the following:

On January 23, 2019, a grand jury sitting in the Southern District of Texas returned an indictment charging Warren Clark with attempting to provide material support to a designated foreign terrorist organization, namely, the Islamic State of Iraq and al-Sham (ISIS), in violation of 18 U.S.C. § 2339B. The present charge arises from the defendant's alleged conduct in the Southern District of Texas and overseas. The government alleges that the defendant, who was working in Saudi Arabia, traveled to Syria after his employment was terminated. Clark sent an electronic communication that stated he wanted to help build the "Islamic State" and that he was working in "administration." Although Clark, in electronic communications, admitted to receiving military type training, he also stated that he did not plan to fight for ISIS.

Due to the nature of the present charges, unclassified but sensitive discovery information will need to be produced to the defense. Accordingly, the United States, with the agreement of defense counsel, seeks a protective order prohibiting the release and dissemination of sensitive information contained in the discovery to any person other than the defendant and his attorney (and counsel's support staff and defense experts) in this case. Among those authorized persons, only those to whom it is necessary that the information be shown to them for the purposes of preparation, trial, sentencing, and appeal of this matter may review the sensitive information. Further, all discoverable information must be stored by

defense counsel in a secure location in their offices and returned to the government at the conclusion of this case.

The United States will plainly mark sensitive information before it is produced to the defense. If the defense contests the marking of any material as sensitive by the United State, the defense will alert and confer with the United States. In the event of continued disagreement, the defense may raise the issue with the Court by filing a motion under seal.

1. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court counseled long ago "[t]the trial court and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566, (W.D. Tex. 2009) (citing *Alderman*).

2. When considering a protective order, a court "must consider whether the imposition of the protective order would prejudice the defendant." *Id.* at 566. However, the Court "should seek to ensure that disclosure of discovery materials to a defendant 'involve[s] a minimum hazard to others.'" *Id.*, *see also Alderman*, at 185. Rule 16(d)(1)'s good cause determination "must also balance the public's

3

interest in the information against the injuries that disclosure would cause." *Carriles*, at 566.

3.  Restricting the defendant and his counsel in the manner above does not cause prejudice to the defendant, as he will still have ample access to the discoverable material in order to prepare his defense.

4.  Should the defendant wish to provide materials containing sensitive information to anyone other than counsel (and counsel's support staff and defense experts), including but not limited to any public filing in this case, the government requests that defendant provide fourteen (14) days written notice to the government in order for the government to file a timely objection to such disclosure if warranted.  Given the sensitive nature of information to be disclosed in this case, the government believes that such notice is necessary to ensure that the discovery materials are not shared with any party who might misuse the information contained therein.  The government requests that such notice include the materials to be disclosed, the person to whom the materials will be disclosed and the purpose of such disclosure.

WHEREFORE, the United States requests that this Honorable Court grant this Motion and enter a protective order that will: 1. Allow the defendant and his counsel access to the sensitive information contained in the unclassified discovery while restricting the release and dissemination of that material beyond the

defendant and his counsel (and counsel's support staff and defense experts); 2. Provide that the unclassified discovery be stored in a secure location in the offices of defense counsel, and 3. Specify that the unclassified discovery shall be returned to the government at the completion of this case.

A copy of the Proposed Protective Order is submitted herewith.

>Respectfully submitted,
>
>RYAN K. PATRICK
>United States Attorney
>
>
>\_\_/s/ S. Mark McIntyre_____
>S. MARK MCINTYRE
>CRAIG M. FEAZEL
>Assistant United States Attorneys
>
>
>
>\_\_/s/\_Michael J. Dittoe_____
>MICHAEL J. DITTOE
>Trial Attorney, U.S. Dept. of Justice

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the government conferred with counsel for the defendant, who is in agreement with the granting of this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Counsel for the defendant.

By: __/s/ S. Mark McIntyre_____
S. MARK MCINTYRE
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 19-CR-02** |
| § | |
| **WARREN C. CLARK.** § | |

## PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF SENSITIVE INFORMATION

This matter is before the Court on the motion of the United States seeking a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1). The Court, having considered the Motion, the facts and applicable law, and being otherwise sufficiently advised, is of the opinion that the Motion is GRANTED.

THE COURT FINDS that the government has demonstrated "good cause," pursuant to Federal Rule of Criminal Procedure 16(d)(1), for the Court to enter this Protective Order.

THE COURT FINDS that the information contained in the government's discovery is sensitive and restricting its release and dissemination will not likely prejudice the defendant.

THEREFORE, IT IS ORDERED that the defendant and his attorney (and counsel's support personnel and defense experts) in this case may not release or disseminate any of the sensitive information contained in the government's discovery to any person including in any publicly filed pleading.

IT IS FURTHER ORDERED that the defendant must provide the government with fourteen (14) days written notice prior to the disclosure of any materials containing sensitive information to anyone other than defendant and his counsel (and counsel's support personnel and defense experts).  Such notice shall include the materials to be disclosed, the person to whom the materials will be disclosed and the purpose of such disclosure.

IT IS FURTHER ORDERED that defense counsel shall store the unclassified discovery in a secure location in their offices and shall return such material to the government at the conclusion of this case, to include any appeal that may result.

SO ORDERED this _____ day of _____ 2019.

_____
HONORABLE GEORGE C. HANKS
United States District Judge