UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 3:19cr00002(ss) |
| WARREN C. CLARK, Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and S. Mark McIntyre and Craig M. Feazel, Assistant United States Attorneys, the Defendant, Warren C. Clark ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to waive indictment along with the applicable statute of limitations and plead guilty to Count One of a single count Information charging the Defendant with the offense of Receiving Military-Type Training from a Foreign Terrorist Organization, in violation of 18 U.S.C. §§ 2339D and 3238. If the Court accepts this plea agreement, once the Court has pronounced a sentence, the government will move to dismiss the Superseding Indictment. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2339B(a)(1), is imprisonment of not more than 10 years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to life. Title 18, United States Code, Section 3583(j). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from

2

Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

7. The United States agrees to each of the following:

(a) If Defendant pleads guilty to the information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the superseding indictment at the time of sentencing; and

(b) Abide by the provisions set forth in paragraph 10 related to the agreement concerning the sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

3

### Agreement Binding Only on Southern District of Texas

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas. It does not bind any other United States Attorney's Office or division of the Department of Justice.

### United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the way it was determined.

### Agreement Pursuant to Rule 11(c)(1)(C)

10. The United States and the Defendant agree that Defendant's plea of guilty is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) and that a sentence of incarceration of ten (10) years with a period of supervised release for life is the appropriate sentence in this matter. The parties also agree that U.S.S.G. section 3A1.4 applies in this case. The United

4

States and the Defendant understand and agree that to the extent that this plea is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court may decline to accept this agreement. If the Court does not accept the agreement, the Defendant will be given the opportunity to withdraw from the plea.

## Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charge contained in the information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

(a) At all times material to Count One of the information, The Islamic Sate of Iraq and al-Sham (ISIS) was designated by the United States Secretary of State as a Foreign Terrorist Organization and Clark was aware that ISIS was a Foreign Terrorist Organization (FTO) and that it engaged in terrorist activity. Knowing that ISIS was an FTO and engaged in terrorist activity, Clark traveled overseas, and received military training from ISIS. Clark admits that there is extraterritorial jurisdiction for this offense and the Southern District of Texas has jurisdiction over him for this crime.

(b) Later, on August 10, 2015, Clark sent an email to his sister in response to her request to help him "come home." Clark responded that "I illegally crossed the border to Syria from Turkey… and took mandatory religious and military training." He further told his sister that, "I am happy and safe in the Islamic State and I moved here to help build the State. I do NOT plan on fighting only living as a civilian . . . [p]lease do not contact any government agencies because I would prefer them not to know my situation." Previously, on August 8, 2015, Clark also sent an email to his parents stating that he was in Syria and was living in the "Islamic State." On September 11, 2015, Clark emailed his sister stating, "I do not plan on returning to the US unless …the Islamic State conquers the US." And if I did go to the US "I would be thrown in prison." Clark stated in a September 28, 2015, communication that he was "not returning to the US … I am a citizen of the Islamic State and I am no longer a citizen of the US." "Every person that moves to the Islamic State comes with this intention."

## Breach of Plea Agreement

13.  If Defendant should fail in any way to fulfill completely all of the obligations under this Agreement, the United States will be released from its obligations under the Agreement, and Defendant's plea and sentence will stand.  It is understood by Defendant and the United States that should Defendant fail to comply with any of the obligations set forth in this Agreement or violate any of the terms or conditions set forth in this Agreement, or engages in any criminal violation, the United States shall be released from its obligations under this Agreement, but Defendant's plea and sentence will stand and the Southern District of Texas may institute or re-institute prosecution, including but not limited to enhancement of the sentence and may prosecute Defendant for any and all violations of Federal law which Defendant may have committed.  For purposes of this paragraph, Defendant waives any statute of limitations that may apply to any such Federal offenses or counts.  The Defendant understands and agrees that any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.  Whether Defendant has breached any provision of this Agreement shall be determined by the United States in its sole discretion.

## Restitution, Forfeiture, and Fines – Generally

14. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Fines

18. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

19. This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____ 10/10 _____, 2023.

_____
Warren C. Clark
Defendant

Subscribed and sworn to before me on _____ October 10 _____, 20 23.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Alamdar S. Hamdani
United States Attorney

By: _____
S. Mark McIntyre
Craig M. Feazel
Assistant United States Attorney
Southern District of Texas

_____
Paul Doyle
Trevor Sharon
Attorneys for Defendant


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 3:19cr00002(s) |
| | § |
| WARREN C. CLARK, | § |
| Defendant. | § |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      10/10/2023
Paul Doyle                                      Date
Trevor Sharon
Attorneys for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorneys have fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines

11

Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     __10/10/23_____
Warren C. Clark                                              Date
Defendant